### McVOY v. KELLER.

#### (Supreme Court, Appellate Term. October, 1901.)

BENEFICIAL ASSOCIATIONS—CONDITION PRECEDENT TO RELIEF—BY-LAWS.
    Where the by-laws of a beneficial association provided that the cer-
    tificate of the attending physician, stating the nature of the member's
    illness, should be approved by the association's physician before sick
    benefits would be paid, benefits were properly rejected on a certificate
    not so approved, the refusal to approve the same not being unreasonable.

Appeal from municipal court, borough of Manhattan, Seventh dis-
trict.

Action by Peter McVoy against John Keller, treasurer of Court Or-
der Columbia, Foresters of America. From a judgment in favor of
the plaintiff, the defendant appeals. Reversed.

Argued before McADAM, MacLEAN, and SCOTT, JJ.

James A. Allen and Edward Harding, for appellant.
Robert E. Ullner, for respondent.

McADAM, J. The action is to recover sick benefits of $6 per
week from October 9, 1900, to February 16, 1901, being for a period
of 21 weeks, and aggregating $126. Section 3, art. 8, of the associa-
tion's by-laws, provides that:

"Any member taken sick must at once notify the court physician and the
financial secretary of the fact, and no moneys shall be paid any sick member
until the financial secretary receives a certificate from the court's physician,
or the physician attending such member, stating the nature of the member's
illness, the duration of same; and if any other than the court's physician,
said certificate must be approved by that officer."

Dr. Campbell, the court's physician, certified to the first week of plaintiff's illness, from October 9th to the 15th, and $6 for the week were promptly paid thereon by the association. No other certificate was furnished except one by Dr. Covert, who certified that the plaintiff "had been under his care since October 8, 1900. Alcohol did not cause his illness." This certificate, defective in not stating "the nature of the member's illness or the duration of the same," was presented to Dr. Campbell, who refused to approve of it, and for that reason the secretary refused to pay any more money to the plaintiff.

The plaintiff having subscribed to these by-laws and become bound thereby, the obtaining of the certificate from Dr. Campbell, the court's physician, or his approval of the certificate obtained from any other physician, was made a condition precedent to the plaintiff's right of recovery, particularly in view of the fact that there was no proof that Dr. Campbell had unreasonably refused to give the certificate or approval. 1 Bac. Ben. Soc. (New Ed.) §§ 94, 152. For this reason, and without considering the other errors assigned, the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.